# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD SLAUGHTER, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:14-CV-1389 CAS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion appears to be barred by the statute of limitations.

Movant pled guilty to one count of being a felon in possession of a firearm. On July 27, 2010, the Court sentenced movant as an Armed Career Criminal to 180 months' imprisonment, the mandatory minimum under 18 U.S.C. § 924(e). Movant filed an appeal and on January 21, 2011, the Court of Appeals for the Eighth Circuit affirmed. Movant did not file a petition for writ of certiorari with the United States Supreme Court.

Movant filed the instant motion to vacate on August 4, 2014. He alleges that he was incorrectly sentenced as a career offender based on the recent Supreme Court case Descamps v. United States, 133 S. Ct. 2276 (2013), in which the Court held that the district courts may not apply the modified categorical approach to sentencing under Armed Career Criminal Act ("ACCA") when the crime for which the defendant was convicted has a single, indivisible set of elements. Specifically, movant argues that his prior burglary convictions should not have been counted towards the ACCA.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time barred, the court must provide notice to the movant. Id.

For a defendant like movant, who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. Sup. Ct. R. 13(1). The time does not run from the date of the mandate. Sup. Ct. R. 13(3); Clay, 537 U.S. at 527, 529. A federal defendant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

The Court of Appeals issued its judgment on January 21, 2011. Therefore, the limitations period ended on or about April 20, 2012. So, under § 2255(f)(1), the movant's § 2255 motion is time barred.

Movant argues that the action is not barred by the limitations period on the basis that Descamps may be applied retroactively. Movant is incorrect. The Supreme Court did not make its ruling in Descamps retroactive. Further, even if the Descamps decision was retroactive, the instant motion would still be time barred under § 2255(f)(3), because Descamps was handed down on June 20, 2013, and movant did not file this action until August 4, 2014, more than one year later.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, no later than thirty (30) days from the date of this Memorandum and Order, why his § 2255 motion should not be dismissed as time barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this motion, the Court will dismiss this action as time barred, without further proceedings.

**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of August, 2014.