# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD SLAUGHTER, | ) |
| Movant, | ) |
| v. | ) No. 4:14-CV-1389 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Donald Slaughter's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is barred by the statute of limitations and will be dismissed on that basis.

Movant pled guilty to one count of felon in possession of a firearm. On July 27, 2010, the Court sentenced movant as an Armed Career Criminal to 180 months' imprisonment, the mandatory minimum under 18 U.S.C. § 924(e). Movant appealed, and on January 21, 2011, the Court of Appeals for the Eighth Circuit affirmed.

Movant filed the instant motion to vacate on August 4, 2014. Movant alleges that he was incorrectly sentenced as a career offender based on the recent Supreme Court case Descamps v. United States, 133 S. Ct. 2276 (2013), in which the Court held that district courts may not apply the modified categorical approach to sentencing under Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements. Specifically, movant argues that his prior burglary convictions should not have been counted towards the ACCA.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time barred, the court must provide notice to the movant. Id. The Court provided such notice to movant by a Memorandum and Order issued August 14, 2014, which directed movant to show cause by September 13, 2014 why the instant motion to vacate should not be dismissed as time barred. Movant did not file a response and the time to do so has passed.

For a defendant who does not file a petition for a writ of certiorari, like movant, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. S. Ct. R. 13(1).

The time does not run from the date of mandate. S. Ct. R. 13(3); <u>Clay</u>, 537 U.S. at 527, 529. A federal defendant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

The Court of Appeals issued its judgment in movant's appeal on January 21, 2011. Therefore, the limitations period ended on or about April 20, 2012. So, under § 2255(f)(1), the motion is time barred. Movant argues in his motion that the action is not barred by the limitations period on the basis that <u>Descamps</u> may be applied retroactively. This is incorrect, as the Supreme Court did not make its ruling in <u>Descamps</u> retroactive. Further, even if the decision were retroactive, the instant motion would still be time barred under § 2255(f)(3) because <u>Descamps</u> was decided on June 20, 2013, and movant did not file this action until August 4, 2014, more than one year later.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED** as time barred. [Doc. 1]

An Order of Dismissal will be filed separately.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __23rd__ day of September, 2014.